```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

      - v. -                      :     SEALED INDICTMENT

APOSTOLOS TROVIAS,                :     21 Cr. ___
     a/k/a "The Bull,"
                                  :     21 CRIM 378
              Defendant.
                                  :
- - - - - - - - - - - - - - - - - x
```

## COUNT ONE

### (Securities Fraud)

The Grand Jury charges:

**Overview of the Fraudulent Scheme**

1. Since at least in or about December 2016, APOSTOLOS TROVIAS, the defendant, who identifies himself by the pseudonym "The Bull," or similar variations, such as "dabull" or "geobull," has used websites on the Dark Web and encrypted messaging services to solicit and sell confidential, non-public information about publicly traded companies ("Inside Information") to enrich himself. TROVIAS's scheme consisted of multiple related efforts to obtain and monetize confidential nonpublic business information, including (1) the sale of misappropriated stock tips based on confidential customer trading information; (2) the sale of pre-release earnings reports and deal information misappropriated from publicly-traded companies; and (3) the attempted creation of an

online marketplace to connect, for a commission, individuals misappropriating Inside Information to individuals willing to pay for and trade on Inside Information.

2.      As part of this scheme, APOSTOLOS TROVIAS, a/k/a "The Bull," the defendant, sold Inside Information relating to securities of issuers with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that were required to file reports under Section 15(d) of the Securities Exchange Act of 1934.

### The Dark Web

3.      The Dark Web refers to websites that are not indexed by conventional search engines and to which access may be restricted to those using specific anonymizing browsers or computer settings.

4.      At various times during the time periods relevant to this Indictment, AlphaBay Market ("AlphaBay") and Dream Market were online marketplaces that enabled users to buy and sell illegal goods, including controlled substances, stolen and fraudulent identification documents and access devices, counterfeit goods, malware and other computer hacking tools, firearms, and toxic chemicals. AlphaBay and Dream Market also allowed users to buy and sell illegal services, such as money laundering. AlphaBay operated from in or about 2014 until in or about July 2017. Dream Market operated from in or about 2013 until in or about April 2019.

### TROVIAS Sold Inside Information Through AlphaBay

5.      Between in or about December 2016, when he registered for the site, and in or about July 2017, when AlphaBay ceased operations, APOSTOLOS TROVIAS, a/k/a "The Bull," the defendant, offered for sale, in, among other places, the "Fraud > Other > Other" category on AlphaBay, stock tips that were based on non-public inside information about certain securities issuers and which could be purchased individually, on a weekly basis, or on a monthly basis for prices ranging from approximately $29.95 per tip to approximately $329.95 for a monthly subscription for tips based on non-public inside information.

6.      Between in or about December 2016, when APOSTOLOS TROVIAS, a/k/a "The Bull," the defendant, registered his account, and in or about July 2017, when AlphaBay ceased operations, TROVIAS completed the sale of dozens of individual tips, approximately three weekly plans, and approximately three monthly plans, for a total of approximately 45 transactions through the AlphaBay marketplace.

7.      Also in or about 2017, APOSTOLOS TROVIAS, a/k/a "The Bull," the defendant, offered for sale and did sell, among other confidential information belonging to various securities issuers, for approximately $5,000 in Bitcoin, at least one pre-release earnings report misappropriated from a publicly-traded company.

### TROVIAS Sold Inside Information Through Dream Market

8.  Beginning at least in or about 2017, APOSTOLOS TROVIAS, a/k/a "The Bull," the defendant, offered for sale on Dream Market, in among other places, a post entitled "Hedge Fund Insider | Stock Trading Tips $ Promo Pr," stock tips that were based on non-public inside information about certain securities issuers. Through Dream Market, as with his sales on AlphaBay, TROVIAS offered for sale and did sell numerous stock tips based on non-public inside information, which could be purchased individually, on a weekly basis, or on a monthly basis.

### TROVIAS Sold Inside Information Directly to Purchasers in Exchange for Bitcoin

9.  At various times between in or about June 2017 and February 2020, APOSTOLOS TROVIAS, a/k/a "The Bull," the defendant, sold Inside Information directly to purchasers, using encrypted messaging and email services to communicate about the sale, rather than exclusively through the marketplace features of the Dark Web forums.

10. In communications with two separate law enforcement agents acting undercover, APOSTOLOS TROVIAS, a/k/a "The Bull," the defendant, insisted on receiving payments for his tips and information in the form of Bitcoin. In part, TROVIAS insisted on

payments in Bitcoin to conceal his identity and out of recognition that his conduct was illegal.

11. APOSTOLOS TROVIAS, a/k/a "The Bull," the defendant, arranged for, and conducted, financial transactions to conceal his identity. For example, on approximately seventeen occasions between in or about May 2018 and February 2020, a law enforcement agent acting undercover ("UC-1") transferred Bitcoin to blockchain addresses specified by TROVIAS to purchase TROVIAS's offered Inside Information. From those initial blockchain addresses, TROVIAS subsequently transferred and caused the transfer of the Bitcoin sums from UC-1 to various other blockchain addresses. On multiple occasions, after at least one subsequent transfer, but often after two or more subsequent transfers, TROVIAS transferred and caused the transfer of the Bitcoin sums from UC-1 to Bitcoin wallets and digital currency management services.

12. Using a debit card linked to one of the Bitcoin wallets, APOSTOLOS TROVIAS, a/k/a "the Bull," the defendant, enriched himself by spending the Bitcoin sums from UC-1 on, among other things, travel, entertainment, and lodging.

### TROVIAS Planned and Developed an Auction Site for Misappropriated Inside Information

13. In or about 2020, APOSTOLOS TROVIAS, a/k/a "The Bull," the defendant, took steps to design and build a website to

5

facilitate the purchase and sale of material, non-public information for use in stock trading (the "Inside Information Auction Site"). TROVIAS planned to use the Inside Information Auction Site to enrich himself by charging membership fees and commissions from individuals using the Inside Information Auction Site to engage in the unlawful trade of Inside Information.

### Statutory Allegations

14. From at least in or about December 2016, up to and including at least in or about August 2020, in the Southern District of New York and elsewhere, APOSTOLOS TROVIAS, a/k/a "The Bull," the defendant, knowingly and intentionally executed, and attempted to execute, a scheme and artifice to (a) defraud persons in connection with securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, and (b) obtain, by means of false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of securities of an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934 and that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, to wit, TROVIAS defrauded and attempted to defraud securities issuers by misappropriating

confidential business information which he then converted to his own use by selling it on the Dark Web and elsewhere with the intention that others would trade on it.

(Title 18, United States Code, Sections 1348, and 2.)

## COUNT TWO
### (Concealment Money Laundering)

The Grand Jury further charges:

15. Paragraphs 1 through 14 of Count One of this Indictment are repeated and incorporated by reference as though fully set forth herein.

16. From at least in or about May 2018 to at least in or about February 2020, in the Southern District of New York and elsewhere, APOSTOLOS TROVIAS, a/k/a "The Bull," the defendant, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, did knowingly conduct and attempt to conduct such financial transactions, to wit transferring Bitcoin sums from one blockchain address to another, which in fact involved the proceeds of specified unlawful activity, to wit a scheme to defraud others in connection with securities as charged in Count One, knowing that the transactions were designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control

of the proceeds of the specified unlawful activity.

(Title 18, United States Code, Section 1956(a)(1)(B)(i) and 2.)

## FORFEITURE ALLEGATIONS

17. As a result of committing the offense alleged in Count One of this Indictment, APOSTOLOS TROVIAS, a/k/a "The Bull," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

18. As a result of committing the offense alleged in Count Two of this Indictment, APOSTOLOS TROVIAS, a/k/a "The Bull," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

8

## Substitute Asset Provision

19.  If any of the above described forfeitable property, as a result of any act or omission of the defendant:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third person;

   c.  has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 and 982,
Title 21, United States Code, Section 853, and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
AUDREY STRAUSS
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

APOSTOLOS TROVIAS,
a/k/a "The Bull,"

                             Defendant.

**INDICTMENT**

21 Cr. ___

(Title 18, United States Code, Sections
1348, 1956, and 2)

AUDREY STRAUSS
United States Attorney.

**A TRUE BILL**

Foreperson.